UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Albert Turner, #270902, | ) C/A No. 2:13-2017-JMC-BHH |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Dr. Sandy Cooper; Dr. Chi-Dai Chen, | ) |
| Defendants. | ) |
| _____ | ) |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at the Kershaw Correctional Institution of the South Carolina Department of Corrections. Plaintiff brings this action against private physicians alleging medical malpractice and negligence. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A. For the reasons that follow, the undersigned recommends that the district judge dismiss the Complaint in this case without prejudice and without issuance and service of process.

Factual and Procedural Background

In his Complaint, Plaintiff states that, on August 15, 2011, the medical department at Evans Correctional Institution diagnosed Plaintiff with a collapsed right lung and directed that he be transported to the hospital. (ECF No. 1 at 3.) Plaintiff was taken to Marlboro Park Hospital in Bennettsville, South Carolina, where he was seen by Dr. Sandy Cooper. Dr. Cooper told Plaintiff that he would need chest tube surgery, and that Dr. Cooper "knew this procedure and how to perform it." (*Id.* at 3–4.) Dr. Cooper assured Plaintiff that he would not need to be anesthetized but would experience only minor discomfort.

Plaintiff alleges that the pain was "very excruciating," and that Dr. Cooper could not find the proper place for the tube, so he "probed and gouged for what felt like forever." (*Id.* at 4.) Plaintiff spend the next three days in the intensive care unit until Dr. Chi-Dai Chen told him that the tube was not working and another tube would have to be placed. Plaintiff states that, during his eleven-day stay, Dr. Chen placed four additional chest tubes but was never able to inflate Plaintiff's lung.

After Dr. Chen's fourth surgery, Plaintiff was taken to see a specialist, Dr. McGuire, at Palmetto Richland Hospital in Columbia, where he was successfully treated. However, as he had never received any antibiotics while at Marlboro Park Hospital, Plaintiff had developed a bacterial infection in his lung. Plaintiff contends that, as a result of his maltreatment, he has a "damaged lung with scar tissue, nerve damage and breathing problems and constant pain almost two years later." (*Id.* at 5.) He has to regularly see Dr. McGuire for follow-ups to make sure infections do not re-occur and that his lung does not re-collapse. Dr. McGuire told him that the tube placed by Dr. Cooper had been too big. Plaintiff wishes to recover monetary damages for medical malpractice, negligence, and pain and suffering.

## Standard of Review

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an

arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## Discussion

In order for this court to hear and decide a case, the court must first have jurisdiction over the subject matter of the litigation. It is well settled that federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, *Willy v. Coastal Corp.*, 503 U.S. 131, 136–37 (1992); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree, *American Fire & Cas. Co. v. Finn*, 341 U.S. 6 (1951). It is to be presumed that a cause lies outside

this limited jurisdiction, *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83 (1936). The two most commonly recognized and utilized bases for federal court jurisdiction are (1) federal question, 28 U.S.C. § 1331, and (2) diversity of citizenship, 28 U.S.C. § 1332. The allegations contained in the Complaint filed by Plaintiff in this case do not fall within the scope of either form of this court's limited jurisdiction.

First, there is no basis for a finding of diversity jurisdiction over the Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00): "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between-(1) citizens of different States . . . ." *Id.* Any state law causes of action, such as medical malpractice or negligence, would be cognizable in this court under the diversity statute, *Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788–791 (D.S.C. 1992), if that statute's requirements are satisfied.

Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372–374 (1978). This court has no diversity jurisdiction because the parties in the above-captioned case are all residents of the State of South Carolina. Hence, complete diversity of parties is here absent, and diversity jurisdiction is, therefore, lacking. However, Plaintiff is not without a forum; he may file suit against the defendants

4

in a Court of Common Pleas, which would have jurisdiction over a suit brought by a South Carolina resident against another South Carolina resident.

Second, it is clear that the essential allegations of the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  That is, Plaintiff does not state a claim cognizable under this court's "federal question" jurisdiction. The Complaint involves allegations of medical malpractice and negligence.  Generally, such disputes are matters of state law to be heard in the state courts, unless diversity jurisdiction is present.  Plaintiff's allegations do not contain any reference to an alleged violation of any federal statute or constitutional provision by the defendants, nor is any type of federal question jurisdiction evident from the face of the Complaint.

## Conclusion

Accordingly, it is recommended that the district judge dismiss the Complaint in the above-captioned case without prejudice.

IT IS SO RECOMMENDED.


s/Bruce Howe Hendricks
United States Magistrate Judge

August 15, 2013
Charleston, South Carolina

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).